IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PARK PLACE OF KENDALL
CONDOMINIUM IV ASSOCIATION,
INC.,

        Plaintiff,

v.

ROCKHILL INSURANCE
COMPANY,

        Defendant.

Civil Action No.: 1:21cv23490

## DEFENDANT'S RULE 37 MOTION FOR SANCTIONS

COMES NOW, Defendant, ROCKHILL INSURANCE COMPANY, (hereinafter "Defendant" or "Rockhill") by and through the undersigned counsel and in accordance with the Federal Rules of Civil Procedure, Rule 37, hereby files its Motion Sanctions and in support thereof states as follows:

## INTRODUCTION

This lawsuit pertains to a Hurricane Irma claim in September 2017 of property damage that was not reported until August 2020. Plaintiff is a (business) condominium association that was managed by Distinctive Property Management at the time the loss occurred. Distinctive facilitated post-loss repairs at the property, including on the roof. Neither distinctive nor the Board at that time opted to report the Hurricane Irma claim to Rockhill. Then in May 2020, Plaintiff obtained a new property manager and subsequently, the instant claim was reported. Rockhill ultimately

denied coverage pursuant to the terms and conditions of its policy with Plaintiff following its investigation of the claim. Plaintiff then filed suit in the challenge of the coverage denial.

## BACKGROUND

1. Plaintiff is a (business) condominium association that is incorporated in Florida and at all times material, professionally managed.

2. Plaintiff's property consists of two buildings that each maintain individually unit-owned commercial/industrial space.

3. Plaintiff maintained a Businessowners Policy, THB0011658-02, that insured the two buildings located at 13030 SW 133rd Ct. Miami, FL 33186-5855, with effective dates of November 5, 2016, to November 5, 2017.

4. At all times, Plaintiff's property was professionally managed.

5. On or about September 10, 2017, Plaintiff purportedly suffered a claim of loss due to Hurricane Irma.

6. Prior to the reporting of the loss, Plaintiff performed multiple post-loss repairs at the property by various contractors.

7. Plaintiff's claim of loss however was first reported to Defendant on August 26, 2020.

8. Defendant took up its investigation of the claim and inspected the property, three years after the loss occurred and multiple repairs were made and determined that the claimed damages were not afforded coverage under the Policy pursuant to its terms, conditions, limitations, and exclusions thereof.

9. Plaintiff filed a lawsuit in disagreement with the coverage denial.

## **PROCEDURAL POSTURE**

*Litigation Overview*

10. Plaintiff commenced this litigation in the Circuit Court in and for Miami Dade County, FL. [D.E. 1].

11. However, Defendant, a diverse citizen, removed the matter to this Court based on diversity jurisdiction. [D.E. 1].

12. Thereafter, on April 5, 2022, Plaintiff provided Defendant with its Initial Disclosures pursuant to Rule 26. A copy of Plaintiff's initial disclosures is attached hereto as "**Exhibit A**."

13. Plaintiff's initial disclosure identified the following individuals with discoverable information 1) Alexis Hendrikse, Property Manager, Southeast Property Management Company, 2) Corporate Representative of Rockhill Insurance Company, 3) Michael Arce, Peak Public Adjusting, 4) Sergio Arce and Arce Appraisal & Estimating Service, and 5) Alfredo Brizuela, Al Brizuela Engineering, Inc. *Id. See also*, Fed. R. 26(a)(1)(A)(i).

14. Upon initial disclosure, Plaintiff did not disclose a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that it has in its possession, custody, or control and may use to support its claims, with particularity. *Id. See*, Fed. R. 26(a)(1)(A)(ii).

15. Nor did Plaintiff provide any computation of damages it claimed in its breach of contract, despite that damages are an element of such a claim at the initial disclosure. *Id. See*, 26(a)(1)(A)(iii).

16. Defendant would go on to file its answer to Plaintiff's Amended Complaint. [D.E. 23].

17. The Court would subsequently issue its Scheduling Order, setting this case for a trial period commencing January 30, 2022. [D.E. 24].

18. As the litigation progressed, Plaintiff would provide its responses to Defendant's written discovery, but Plaintiff failed to provide complete responses. [D.E. 32]

19. Plaintiff failed to identify anyone with information regarding the facts and nature of this claim (Hurricane Irma roof damage) beyond those few names listed in its initial disclosures, in its Answers to Interragotires. A copy of which is attached hereto as **"Exhibit B."**

20. Thereafter, on August 4, 2022, Plaintiff provided Defendant with its initial estimate of damages, an estimate from Arce Appraisal & Estimating Services.

21. In furtherance of obtaining seeking a full and accurate understanding of the true facts, Defendant propounded supplemental discovery in the form of Requests for Production and Admissions on August 9, 2022. [D.E. 33].

22. On September 2, 2022, Defendant noticed the Deposition of Plaintiff's Corporate Representative to occur on September 22, 2022, which was later moved to September 23, 2022; Defendant's Notice contained a request for documents in its Schedule B. See a copy of the Notice of Taking Deposition, attached hereto as "**Exhibit C**."

23. On September 9, 2022, Defendant moved to compel better responses and overrule objections to its initial discovery. [D.E. 32].

24. On September 12, 2022, Defendant moved to compel overdue responses to its supplemental discovery. [D.E. 33].[1]

*Plaintiff's Deposition*

---

[1] Plaintiff would later seek an extension [D.E. 36] to respond to Supplemental Discovery, which Defendant did not oppose as it was already after Plaintiff's deposition; Plaintiff then sought a second extension [D.E. 43].

25. On September 23, 2022, Defendant deposed Alexis as the Corporate Representative of Plaintiff; Mrs. Hendrikse also serves as the property manager for Plaintiff.

26. During the deposition of Plaintiff's Corporate Representative, Defendant received some 15 new documents and correspondences that were not previously produced in accordance with prior written discovery requests nor ahead of the deposition.[2]

27. In short, the deposition of Plaintiff's Corporate Representative revealed a trove of new information, information that was either inconsistent or not provided to Defendant in its response to written discovery and production thereto. [D.E. 32 & 33].

28. Plaintiff's Corporate Representative Deposition revealed that Plaintiff had a prior property manager and property management company, Distinctive Property Management ("Distinctive"), on the date of loss and in the years following it. A copy of the deposition transcripts for Plaintiff's Corporate Representative is attached hereto as Composite **Exhibit "D."** *See* (Pl. Corp. Rep. Dep. Vol. I 14:24-15:12, Sep 23, 2022).

29. Distinctive – which was not previously disclosed or identified in written discovery responses – is in possession of documents and official association records that are germane to this case. (Pl. Corp. Rep. Dep. Vol. I 16:15-17:12, Sep 23, 2022).

30. Roberto Lopez, a licensed realtor, served as the property manager from Distinctive on behalf of Plaintiff. (Pl. Corp. Rep. Dep. Vol. I 22:55-23:9, Sep 23, 2022).

31. In addition, Plaintiff's Corporate Representative advised that Gustavo Ray performed service on the roof in November in 2017, information that was previously not provided. (Pl. Corp. Rep. Dep. Vol. I 46:1 -47:8, Sep 23, 2022).

---

[2] Defendant could not adequately review the documents provided during the deposition that should have been provided ahead of time.

32. Further, Managing All Creations, LLC was also identified during deposition as a company who performed roof repairs, after the loss was reported; their records were testified to as not produced because they were in the possession of the Plaintiff's prior president.[3] (Pl. Corp. Rep. Dep. Vol. I 129:4 -130:10, Sep 23, 2022).

33. Moreover, Plaintiff identified Victor Valderrama of GenCon Partners, Inc. as a contractor who has been involved at Plaintiff's property. (Pl. Corp. Rep. Dep. Vol. I 34:18 -35:12, Sep 23, 2022).

34. GenCon also prepared an estimate of damages in relation to those claimed in the subject claim of loss. (Pl. Corp. Rep. Dep. Vol. II 170:1-21, Sep 23, 2022).

35. In addition, the trove of new documents that were first provided by Plaintiff in this case, midway through the deposition of Plaintiff's Corporate Representative subsequently revealed information regarding unit-owner property and responsibility as well as discussed legal action against the prior board and property manager.

*Scheduling Order*

36. This matter is set for the Court's trial calendar commencing on January 30, 2022.

37. Previously, the parties were to have completed discovery on September 28, 2022 [D.E. 24], however on September 23, 2022 – the same day as the deposition of Plaintiff's Corporate representative – the Court extended the deadlines [D.E. 35] by 60 days.

38. The Court further advised that ***the failure of counsel to delay their discovery obligations will be deemed a strategic decision*** to proceed to trial without that discovery. [D.E. 35].

39. Nevertheless, Plaintiff continues to preclude Defendant from discovery and has not

---

[3] Defendant requested the deposition of Plaintiff's prior board members, those who served at the time of the loss, however that request has since been rejected.

6

amended its disclosures or responses accordingly.

40.     As a result, this litigation is now within 30 days from the discovery cutoff and Defendant is still without critical information – information that should have been responded to in response to its initial discovery requests.

## MEMORANDUM

The purpose of discovery under the Federal Rules is to require disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts and therefore embody a fair and just result. *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983 (1958) (emphasis added). *See also*, *Berry v. Fla. Int'l Univ. Bd. of Trs.*, 2008 U.S. Dist. LEXIS 4734, *5 (S. D. Fla. 2008) ("A major purpose of discovery is eliminating surprise."); *Hunter's Ridge Golf Co. v. Georgia-Pacific Corp.*, 233 F.R.D. 678, 680 (M.D. Fla. 2006) (reminding parties that "[t]he overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result"). In furtherance, Rule 26 imposes a duty upon a party to disclose information. Fed. R. Civ. P. 26. The initial disclosures containing the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses are initially required. Fed. R. Civ. P. 26(1)(a)(I). A party also has a duty to supplement its disclosures and responses. Fed. R. Civ. P. 26(e). Specifically, a party has a duty to supplement its response to discovery if the party learns that in some material respect the disclosure or response is incomplete or incorrect or by order of the Court. Fed. R. Civ. P. 26(e)(1).

In general, Rule 37 empowers the Court with sanctions where disclosures are not made or regarding cooperation in discovery. Fed. R. Civ. P. If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. *Marine Depot, Int'l, Inc. v. James River Grp., Inc.*, 2020 U.S. Dist. LEXIS 244385, *9 (S. D. Fla. 2020) citing Fed. R. Civ. P. 37(a)(3)(A). Rule 37(c) also permits sanctions for failing to adequately disclose witnesses or to supplement initial disclosures without a court order. *Kendall Lakes Towers Condo. Ass'n, Inc. v. Pac. Ins. Co.,* No. 10-24310-CIV, 2011 U.S. Dist. LEXIS 138953, 2011 WL 6190160, at *6 n.3 (S.D. Fla. Dec. 2, 2011). In addition, Rule 37 permits a party to move to compel discovery and subsequently seek expenses thereto. Fed. R. Civ. P. 37(a)(3)(B) & (a)(5).

Here, the documents first produced by Plaintiff during deposition the deposition of its Corporate Representative support the notion that Plaintiff failed to make proper disclosures under Rule 26 and failed to respond to Defendant's initial discovery request(s). [D.E. 32]. The deposition of Plaintiff's Corporate Representative specifically revealed several new witnesses who were not previously identified. Plaintiff's deposition testimony confirmed that its responses to (Initial) Interrogatory 2, which request information about Plaintiff's property management company, and (Initial) Interrogatory 5 which requested information on any maintenance, landscaper, or handyman employed by Plaintiff or through its property management are in fact incomplete or incorrect. [D.E. 32]. Further, the Plaintiff's Corporate Representative established that Plaintiff's Answer to (Initial) Interrogatory 9 which sought information regarding *any* individual(s) who *may* have knowledge of the claimed loss is likewise incomplete and incorrect. Notwithstanding Defendant's effort to compel better discovery responses and to overrule objections, Plaintiff maintains an obligation under Rule 26(e) to provide such a better response considering the

8

deposition testimony wherein the Corporate Representative clearly knew of further information beyond that provided in Plaintiff's written responses.

Consequently, near the end of discovery [D.E. 35], Defendant now beginning to obtain information regarding new witnesses who may have information relevant information, information that may further the strength – or weakness – of its affirmative defenses. Particularly, Plaintiff's Corporate Representative testified that had the prior property manager performed due diligence it would have known the (roof) leaks were getting larger and should have filed a claim. (Pl. Corp. Rep. Dep. Vol. II 141:2-19, Sep 23, 2022). Such deposition testimony resulted in surprise to Defendant who previously was unaware of a prior property management company's existence.

Plaintiff, who previously failed to provide or otherwise withheld *any* information about Distinctive, has not supplemented its response to discovery and/or disclosure as required by Rule 26(e) since the deposition. Then on October 26, 2022, Defendant first received the necessary identifying information needed to serve Distinctive. Thus, Defendant could not previously engage in non-party discovery with Distinctive whose corporate status and contact information are unknown. Instead, Plaintiff's minimal disclosure and/or discovery responses remain centered around those in line to support Plaintiff's position thereby precluding Defendant from seeking discovery to support its defenses.[4] All the while, Plaintiff continues to put off its obligation to respond to supplemental discovery and kick the can further down the road. [D.E. 43]. Also, Defendant cannot engage in discovery with the other non-parties identified in the deposition as having knowledge about facts and information concerning this loss whose information was not provided in initial disclosures or supplemental responses. Lastly, Plaintiff has objected to the

---

[4] Defendant acknowledges the 2000 amendments to Rule 26 no longer require parties to disclose witnesses or documents that are unfavorable that it does not intend to use but does not alleviate a party's obligation to respond to discovery seeking such information.

deposition of its prior board members who would have knowledge about the events that occurred prior to the 2020 property management changes, for which Plaintiff's Corporate Representative lacked personal knowledge and did not even have documents to testify sufficiently regarding same.

## CONCLUSION

In sum, relief under Rule 37 is sought due to the circumstances regarding the pattern of Plaintiff's disclosures and responses to discovery. Relief under Rule 37 is warranted at this time in light of the extenuating circumstances of where this litigation is in relation to the nearing Scheduling Order Deadlines. Further, Defendant has not sat on its hands until now [D.E. 32] in its quest to obtain a full and accurate understanding of the true facts. *Torres v. Wal-Mart Stores*, 555 F. Supp. 3d 1276, 1300 (S.D. Fla 2021). Yet, Defendant is still just know coming into facts that are critical to the claims and defenses in this matter, which have not been disclosed or supplemented timely.

Subsequently, Defendant seeks relief afforded under the broad category of sanctions available to the Court. Defendant specifically seeks the following relief 1) an order compelling Plaintiff to better respond to discovery [D.E. 32] or supplement its disclosures appropriately, 2) the ability to re-depose Plaintiff's corporate representative in regard to the documents pursuant to Defendant's Schedule B in its Notice of Taking Deposition that was only provided midway through the deposition and any other discovery not previously provided. [D.E. 32 & 43]. 3) reasonable expenses incurred by the legal gymnastics employed by Plaintiff throughout the discovery process including this and prior discovery motions and any subsequent deposition, 4) informing the jury of Plaintiff's failure to previously provide information about its prior property manager, and 5) and any appropriate extension of the Scheduling Order deadlines for Defendant that may be sought to complete discovery in addition to the other deadlines.

WHEREFORE, Defendant Rockhill Insurance Company prays the Court to enter an order granting this Motion and afford Defendant any and all necessary relief offered under Rule 37 and so deemed just.

Respectfully submitted this 3rd day of November 2022.

Respectfully submitted,

/s/ Nicholas Bixler
Nicholas Bixler
Bressler, Amery & Ross, P.C.
200 East Las Olas Boulevard
Suite 1500
Fort Lauderdale, FL 33301
Tel. (954) 499-7979
nbixler@bressler.com
tfiori@bressler.com
miainsurance@bressler.com
*Counsel for Defendant, Rockhill Insurance Company*

## **LOCAL RULE 7.1 COMPLIANCE**

Counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the Motion, which was provided to them via email on October 13, 2022, at 4:57 pm with a request to confer under Rule 7.1, again on October 17, 2022, via email at 2:09 pm wherein Plaintiff sought to confer over its Motion [D.E. 43]  and again via email on October 18, 2022, at 9:31 am but has been unable to confer.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on this the 3rd day of November 2022, by filing the same with the Court and by electronic mail to the following:

Frantz C. Nelson, Esq.
Florida Bar No. 0031134
FONT & NELSON, PLLC
*Attorneys for Plaintiff*
200 S Andrews Avenue, Suite 501

       Fort Lauderdale, Florida 33301
       Pleadings@fontnelson.com
       fnelson@fontnelson.com

                                               */s/ Nicholas Bixler*
                                               Nicholas Bixler, Esq.